McGREGOR SCOTT
US Attorney
MICHELLE RODRIGUEZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

FILED

JAN 24 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18CR6-KJM |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| GREGORY JEROME BROWN, | |
| Defendant. | |

1. The Information in this case charges defendant Brown with violations of 18 U.S.C. § 2113(a) - Bank Robbery (3 Counts). Regarding only these identified 3 bank robbery charges, this document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (EDCA), the District of Nevada, and the District of Utah (the "government") and the defendant. This plea agreement is so limited to these United States Attorney's Offices and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

2. The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of the defendant, including activities which may not have been charged in the Information. The Court is under no obligation to accept any

Plea Agreement (Gregory Jerome Brown)  -1-

recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including any statutory maximum stated in this plea agreement.

3. If the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

4. At the defendant's request and by his entering of this plea agreement, the defendant shall waive venue so that all charges in the 3 Count Information may be prosecuted in the EDCA, the defendant shall waive right to grand jury Indictment, the defendant shall proceed by way of Information for all 3 felony charges, and the defendant shall plead guilty to Counts 1, 2 and 3, (each charging a separate violation of 18 U.S.C. § 2113(a) – Bank Robbery). The defendant also agrees to forfeiture of all cash and proceeds, if any, seized in this matter, that such shall be applied toward restitution, and as may be ordered by the district court at sentencing. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate. The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his pleas should the Court not follow sentencing recommendations or stipulations, if any, contained herein. The defendant agrees that the statements made by him in signing this plea agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this plea agreement. By pleading guilty and entering this plea agreement, the defendant waives rights to further discovery, if any, and waives rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, except as applicable to sentencing issues or *Brady* material, *see Brady v. Maryland*, 373 U.S. 83 (1963), which, had it been

disclosed earlier, could have changed defendant's decision to plead guilty herein. The defendant acknowledges that he shall remain remanded into federal custody after the entry of his pleas.

5. The defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense (including, but not limited to, victims covered in the factual basis, victims underlying the 3 counts in the Information, victims in counts to be dismissed, if any, as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged). The defendant understands that the factual basis of this plea agreement binds only the United States Attorney's Office for the Eastern District of California, District of Nevada, and District of Utah in this criminal case, and does not bind any agency of the United States in any other judicial, administrative, or other proceeding. The defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

6. The defendant agrees to pay any fine imposed by the district court and he shall pay a special assessment of $100 per count at the time of sentencing by delivering a check or money order (payable to the United States District Court) to the United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

7. If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any "post-plea" conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement will be under a probable cause standard.

Plea Agreement (Gregory Jerome Brown)     -3-

8. If the defendant violates this plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

9. By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's charges. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts / charges including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts / charges that were not time-barred as of the date of this plea agreement.

10. In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the

defendant waives any and all rights in the foregoing respects, unless the defendant is permitted to withdraw from this plea agreement, then admissibility will be decided under law.

11. The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all seized items. The defendant agrees to fully assist the government in the forfeiture of all seized items and to take whatever steps are necessary to pass clear title to the United States. The defendant agrees not to file a claim to any of the seized and or forfeited property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

12. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of seized assets and items. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

13. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

14. The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that this plea agreement is voidable at the option of the government if the defendant fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time.

15. The government agrees to move, at the conclusion of the sentencing hearing, to dismiss without prejudice the remaining counts, if any, in the pending Information. The

Plea Agreement (Gregory Jerome Brown)  -5-

government also agrees not to reinstate any dismissed count except if this agreement is voided. As regards the sentencing guidelines, the government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding. If the defendant fully accepts responsibility and fully complies with this plea agreement, then the government and the defendant agree that each shall recommend at sentencing the low end of the applicable guideline range as determined by the court. The defendant waives rights, if any, to seek a variance or downward departure from the low end of the sentencing range as determined by the court; however, the defendant reserves the right to present evidence supporting a variance or downward departure in his sentencing memorandum and at the sentencing hearing. The parties otherwise reserve all rights under the sentencing guidelines and 18 USC 3553 factors.

16. The United States is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

17. **As to Counts 1, 2, and 3 (Bank Robbery)**, the defendant agrees that, at trial, the United States would be required to prove beyond a reasonable doubt during the time charged the following:

1) the defendant acted within the jurisdiction of the charged district (EDCA for Count 1, Nevada for Count 2, and Utah for Count 3);

2) the defendant took from the person or presence of another money belonging to or in the care, custody, control, management or possession of a financial institution;

Plea Agreement (Gregory Jerome Brown) -6-

3) the financial institution then had its deposits federally insured; and

4) the defendant acted to take such money by force and violence, or by intimidation.

By his signature hereto, the defendant declares that he fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and he has discussed the felony offenses with his attorney. The defendant also understands: (a) the maximum penalties for his felony violations are as follows:

| COUNT | OFFENSE | MAXIMUM PENALTY DESCRIPTION |
|---|---|---|
| 1,2,3 | 18 USC 2113(a) | Bank Robbery 20 yrs imprisonment, 3 yrs TSR, $250,000 fine, restitution |

(b) if the term of supervised release (TSR) for his convictions is revoked, a 2 year additional period of consecutive incarceration may be imposed; and (c) a mandatory $100 penalty assessment for each felony conviction will be imposed in addition to any penalty imposed by the Court. The defendant understands and agrees that any combination or all penalties/components of his sentence may be run additionally and consecutively by the Court, including, for example, that the 3 year term of supervised release shall follow the imposed period of incarceration and that the Court will be requested to make an order of restitution to identifiable victims.

18. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count(s) to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

19. The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when

Plea Agreement (Gregory Jerome Brown)   -7-

determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Except as stipulated herein, the parties reserve all rights regarding application of the Sentencing Guidelines and sentencing factors under 18 U.S.C. § 3553.

20. The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

21. The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximums for the offenses to which he is pleading guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose. Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights. In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims. The

government will move to dismiss counts, if any, against the defendant at the conclusion of the sentencing hearing. However, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights to charge the defendant with any dismissed counts.

22. The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations, including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed.

23. The defendant understands that, before entering guilty plea(s) pursuant to this plea agreement, he could request DNA testing of evidence in this case. The defendant further understands that, with respect to the offense(s) to which he is pleading guilty pursuant to this plea agreement, he would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding his right to request DNA testing, the defendant knowingly and voluntarily gives up that right to test all items of evidence there may be in this case that might be amenable to DNA testing. The defendant understands and acknowledges that by giving up this right, he is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. The defendant further understands and acknowledges that by giving up this right, he will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offenses to which he is pleading guilty.

24. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading

guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

25. Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

26. The defendant further agrees that he has been advised by his attorney of all his rights under the Federal Rules of Criminal Procedure, including FRCP 11 and 32, and all his rights under the U.S. Constitution. The defendant agrees that he fully understands those rights and that he is satisfied with his attorney's representation.

27. I, Gregory Jerome Brown, have consulted with my attorney at great length, and I fully understand all my rights, including those rights contained in FRCP 11 and my constitutional rights, with respect to the offenses charged in the Information against me. I have read this plea agreement, including its incorporated Exhibit A, and I have carefully reviewed every part of it with my attorney. In signing this plea agreement, I was not under the influence of any disabling or mentally impairing drug, medication, liquor, intoxicant or depressant. Further, I was alert, attentive and fully capable of understanding the terms and conditions of this plea agreement. I understand the charges against me and the charges (by Information in Counts 1, 2, and 3) to which I am pleading guilty. I agree that I be sentenced to a term of incarceration under 18 USC 3553 for my criminal conduct and to pay full restitution for all of my criminal conduct. I am fully satisfied with my attorney's representation. I understand this plea agreement, and I voluntarily agree to this written plea agreement. I understand that no other

terms or oral agreements exist, other than what appears in this plea agreement.

Dated:

1.24.18

_____
Gregory Jerome Brown
Defendant

28. I, David M. Porter, am defendant Brown's attorney. I have fully explained to Mr. Brown the terms of this plea agreement and his rights with respect to all the charges against him and all potential charges against him. Mr. Brown wishes to plead guilty to the charges set forth in the Information in Counts 1, 2, and 3. To my knowledge, Mr. Brown's decision to enter into this plea agreement is an informed and voluntary decision. Mr. Brown understands and agrees that he is guilty as charged in Counts 1, 2, and 3. In signing this plea agreement, Mr. Brown did not appear to be under the influence of any disabling or mentally impairing drug, medication, liquor, intoxicant or depressant. Further, from what I could discern based on my extensive discussion and "question and answer" experiences with Mr. Brown regarding the Information, the statutory charges, and the plea agreement, I have reason to believe that, considering the mental state under which he signed this plea agreement, Mr. Brown was alert, attentive and fully capable of understanding the terms and conditions of this plea agreement.

Dated: January 9, 2018

HEATHER WILLIAMS
Federal Defender

_____
David M. Porter
Assistant Federal Defender

Attorneys for Defendant
GREGORY JEROME BROWN

Plea Agreement (Gregory Jerome Brown)    -11-

29. The undersigned Assistant United States Attorney hereby accepts and agrees to this plea agreement for the United States.

Dated: January 24, 2018

McGREGOR SCOTT
US Attorney

Michelle Rodriguez
Assistant U.S. Attorney

EXHIBIT A (Factual Basis For Pleas)

30. The defendant, with the advice and assistance of his defense counsel, acknowledges and agrees that the following factual summary accurately describes factual basis for the pleas.

1) On October 13, 2017, Brown entered the Wells Fargo Bank located at 338 Elm Avenue, Auburn, California with intent to rob it, that is, to take money by threat of force or intimidation. Brown approached his victim teller and pushed a small piece of paper towards the victim teller. Brown, in prior planning wrote a robbery demand note, and the note (which Brown presented to the victim teller) read something to the effect of, "This is a robbery. Put all your $100s, $50s and $10s in a white envelope." Brown is depicted on surveillance video as the robber. Brown's physical size and body shape matches the bank personnel descriptions of the robber. Brown's victim teller complied with Brown's demands and gave the robber, Brown, $4,650.00 from her teller drawer. After Brown fled from the bank with the loot, bank employees activated the bank's alarm. Bank personnel saw Brown walk quickly across the parking lot to his getaway vehicle (motorcycle). At the time of the robbery, the bank's deposits were federally insured.

2) On October 14, 2017, Brown also robbed the Wells Fargo Bank located at 2895 Northtowne Lane, Reno, Nevada. Brown again planned the robbery ahead of time, including by Brown writing a demand note, looking up the bank on Apple Maps, and waiting until afternoon. Brown is depicted in high quality surveillance images as he robbed the bank. Brown matches the bank personnel's description of the robber. While making his demand for federally insured cash, Brown presented his demand note, which something to the effect of, "Give me your 100s, 50s and 20s in 2 separate envelopes. I have a gun." Brown took without authority $1,040.00 as loot. At the time of the robbery, the bank's deposits were federally insured.

3) On November 8, 2017, Brown robbed the America First Credit Union located at 2928 East Mall Drive, St. George, Utah. Brown, the robber, again is depicted in high quality surveillance images. Brown matches the bank personnel's later description of the bank robber. Brown used his previously written demand note and waited until just prior to closing to rob the credit union. Brown presented a demand note, which read something to the effect of, "It's a robbery. Gun in my pocket. 100s and 50s. You have 2 [or 5] minutes." Brown got $120.00 as loot. At the time of the robbery, the deposits of the credit union were federally insured.

31. I, Gregory Jerome Brown, have read Exhibit A, the above Factual Basis for Plea, and I agree that it is true and accurate.

Dated:

_____
Gregory Jerome Brown
Defendant

32. I, David M. Porter, have read Exhibit A, the above Factual Basis for Plea, and agree that it is consistent with the discovery, evidence provided for review, evidence seized, the defense investigation, and other materials related to this case.

Dated: January 9, 2018

HEATHER WILLIAMS
Federal Defender

David M. Porter
Assistant Federal Defender

Attorneys for Defendant
GREGORY JEROME BROWN