UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | No. 2:18-CR-00006-KJM |
| Plaintiff, | |
| v. | ORDER |
| GREGORY BROWN, | |
| Defendant. | |

On June 18, 2020, defendant Gregory Jerome Brown, a prisoner proceeding pro se, moved for a non-binding recommendation "that the Bureau of Prisons ("BOP") afford Defendant Residential Re-entry Center ("RRC")/Halfway[1] house placement [at the] time of 12 months preceding the end of his sentence." Mot., ECF No. 27, at 1. To date, the government has not filed an opposition. For the reasons below, the court finds Brown has provided sufficient justification for this early release, and GRANTS the request.

I.   LEGAL STANDARD

As provided by 18 U.S.C. § 3621, "[t]he Bureau of Prisons [BOP] shall designate the place of the prisoner's imprisonment[.]" 18 U.S.C. § 3621(b). In making that determination, the BOP considers several factors, including any recommendation by the sentencing court.

---

[1] The court understands that an RRC is the same thing as a halfway house, and so it uses the name RRC here as reflecting defendant's request.

1

*Id.* § 3621(b)(4); *see also United States v. Shields*, No. 12-CR-00410-BLF-1, 2018 WL 2728905, at *2 (N.D. Cal. June 7, 2018).  District courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time[.]"  *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011); *see also United States v. Costa*, No. 1:11-CR-0026-LJO-SAB, 2018 WL 1418352, at *1 (E.D. Cal. Mar. 22, 2018) (sentencing courts have discretion to make recommendations regarding inmate's placement post-sentencing, although any such judicial recommendation is not binding on BOP).

In cases where courts have issued recommendations such as the one defendant requests, defendants generally have demonstrated how their early release would benefit themselves or society.  *See United States v. Hoffman*, No. 2:15-CR-00234-JAM-1, 2018 WL 6634378, at *1 (E.D. Cal. Dec. 19, 2018) (in addition to listing BOP courses he took defendant also argued that residential re-entry center will "reduce the potential for recidivism by providing community-based rehabilitation and reintegration, including the family support he needs to avoid relapse into drug addiction."); *United States v. Collins*, No. 2:15-CR-00176-7-TLN, 2018 WL 1157508, at *1 (E.D. Cal. Mar. 5, 2018) (granting motion where defendant argued early release would allow her to return to work to support her family and have more contact with her children without posing any risk to public in light of her rehabilitation); *United States v. Bhamani*, No. 2:10-CR-00327-TLN, 2017 WL 2992455, at *2 (E.D. Cal. July 14, 2017) (granting motion where "[d]efendant has provided significant information about his activities since sentencing and the extent of his efforts and progress toward rehabilitation while in prison").  In the *Costa* case in particular, *supra*, the defendant provided the court with evidence showing "substantial efforts to educate and better himself during his period of incarceration and . . . [showing] no discipline on record within the past six months."  *Costa*, 2018 WL 1418352, at *2.

II.     DISCUSSION

Here, Brown has provided the court with documentation showing the various educational programs he has pursued while incarcerated.  Mot., Ex. A at 8 (listing twenty-one "education courses").  Most notably, defendant represents he has received a Solar Panel Installation Certification, *see* Mot., Ex. B at 12 (note from defendant reporting associate number),

which is corroborated by a course listed on his BOP records, Ex. A at 8, and reflected in the North American Board of Certified Energy Practitioners (NABCEP) online database, *see* NABCEP, *Professional Directories*.[2]  His BOP records also show no disciplinary reports for the six months prior to the filing of his motion. Ex. A at 9.  Finally, in a signed letter attached to his motion, defendant expresses his remorse and explains the self-examination he has undergone while incarcerated.  Mot., Ex. C at 13–16.  He reviews his statements offered during allocution at the time of his sentencing, and the court's comments to him as well, and reflects on the steps he has taken to address the underlying causes contributing to his criminal behavior.  *Id*. at 13, 15–16.  As a marker of this improved self-awareness, defendant also explains how he would significantly benefit from RRC placement, because it would allow him to re-integrate into society more gradually, rather than reintroducing "natural stress and distractions of home life" all at once upon release.  *Id.* at 14–15.  The court is persuaded that defendant should benefit from earlier release to an RRC and longer time spent there preparing for full reentry into the community.

III.     CONCLUSION

      For these reasons, defendant's request is granted.  The court hereby strongly recommends to the BOP that defendant serve the final twelve (12) months of his sentence at an RRC located in the geographic area to which defendant plans to release and reintegrate into society.

      IT IS SO ORDERED.

DATED:  August 19, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Available at: https://www.nabcep.org/nabcep-associates/?last_name=brown&country=USA&state=&certification_type=PVA.

3